HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| AMERICAN MORTGAGE EDUCATORS, INC., a Washington corporation,<br><br>    Plaintiff,<br><br>v.<br><br>HARJIT SINGH GILL, a married man in his separate capacity,<br><br>    Defendant. | Case No.: C07-5244 RBL<br><br>PARTIES' JOINT STATUS REPORT AND DISCOVERY PLAN |

Pursuant to Fed. R. Civ. P. 26(f), the parties hereby submit the following Joint Status Report and Discovery Plan:

**1.  Nature and Complexity of the Case.**

This is a suit for cybersquatting 15 U.S.C. §1125, false designation of origin 15 U.S.C. § 1125(a), common law trademark and trade name, common law unfair competition and misappropriation, violation of the consumer protection act RCW 19.86.010 *et. seq.*, conversion of corporate assets, tortious interference, and violation of the uniform trade secrets act RCW 19.108.010 *et. seq.*  Plaintiff's claims in this regard are straightforward, however, the factual background and subject matter is inherently complex.  All of the State law claims arise from the same core operative facts upon which the Federal claims are based.

PARTIES' JOINT STATUS REPORT AND DISCOVERY PLAN - C07-5244 RBL

44984-001 \ 278792.doc                -1-

STOKES LAWRENCE, P.S.
800 FIFTH AVENUE, SUITE 4000
SEATTLE, WASHINGTON 98104-3179
(206) 626-6000

**2.   Results of the 26(f) Conference.**

The parties conducted the 26(f) conference on August 2, 2007 and agreed to the terms contained in this Joint Discovery Plan.

**3.   Proposed Deadline for Adding Additional Parties.**

Additional parties should be added no later than November 16, 2007.

**4.   Proposed ADR Method.**

Mediation would be the most appropriate form of ADR to resolve this matter short of trial.

**5.   Timeline for Completion of ADR.**

Mediation should be completed no later than February 8, 2008.

**6.   Parties' Proposed Discovery Plan.**

A.   The parties held a discovery conference on August 2, 2007; Plaintiff made initial disclosures on August 6, 2007; Defendant made initial disclosures on August 8, 2007;

B.   Discovery will be needed regarding the relationship of the parties, the performance by the parties, the development of the intellectual property, the sale and marketing of the parties' products, communications and representations made to third parties, and the ownership of intellectual property disputed by the parties. There is no need to limit or conduct discovery in phases.

C.   At this time, the parties do not see a need to change the discovery rules; however, the parties reserve the ability to move the Court for a change should the need arise;

D.   The parties will confer in good faith if a party believes that a discovery request is unduly burdensome. To the extent counsel cannot resolve a discovery dispute, they will first schedule a conference call with the Court before filing discovery motions.

PARTIES' JOINT STATUS REPORT AND DISCOVERY PLAN - C07-5244 RBL
44984-001 \ 278792.doc
-2-
STOKES LAWRENCE, P.S.
800 FIFTH AVENUE, SUITE 4000
SEATTLE, WASHINGTON 98104-3179
(206) 626-6000

    E.    The parties will jointly submit an agreed protective order before a party produces any discovery to another party.

    F.    The parties believe all Plaintiff's electronic data not otherwise available to the parties (*e.g.*, through public sources) is stored on four computers currently in the possession of Defendant. These computers have been mirrored by an independent third party vendor and the parties will agree on a protocol to exchange and produce the information copied from these computers. In addition, Defendant owns 1 computer which may have relevant information. In addition to computers, information has been stored on servers maintained by Forona Technologies and ISQ Solutions, Inc.

**7.  The Date by which Discovery will be completed.**

Discovery should be completed by December 21, 2007.

**8.  Consent to Magistrate?**

The parties do not consent to a Magistrate.

**9.  Should the Case be bifurcated?**

No bifurcation is necessary.

**10. Pretrial Statements and Orders.**

Pretrial Statements and orders should not be dispensed with for the sake of economy.

**11. Other suggestions for shortening or simplifying the case.**

This case should be consolidated with *Gill vs. American Mortgage Educators, Inc. et. al.*, W.D. WA Cause No. C07-5229 RBL, which the parties believe will simplify both cases.

**12. Trial Date.**

The parties propose a trial date of April 14, 2008.

**13. Jury Trial.**

The Plaintiff has demanded a jury trial.

**14. Length of Trial.**

The parties anticipate that this case will require 5 court days for trial.

PARTIES' JOINT STATUS REPORT AND DISCOVERY PLAN - C07-5244 RBL

44984-001 \ 278792.doc

-3-

STOKES LAWRENCE, P.S.
800 FIFTH AVENUE, SUITE 4000
SEATTLE, WASHINGTON 98104-3179
(206) 626-6000

15. **Conflicts of Trial Counsel.**

Defendant's trial counsel will be unavailable from August 18, 2008 through September 5, 2008.

16. **Vancouver Courthouse.**

The Plaintiff and Defendant require a jury trial; therefore, the Vancouver Courthouse would not be suitable.

17. **Service.**

Defendant Harjit Singh Gill has been served.

DATED this 13th day of August, 2007.

          STOKES LAWRENCE, P.S.


          By: */s/ Bradford J. Axel*
              Bradford J. Axel (WSBA #29269)
              Karolyn A. Hicks (WSBA #30418)
          Attorneys for Plaintiff American Mortgage Educators, Inc.
              (206) 626-6000
              (206) 464-1496 Fax
              BJA@stokeslaw.com
              KAH@stokeslaw.com

          AXIOS LAW GROUP, PLLC

          By: /Jefferson Coulter/
              Jefferson Coulter, WSBA #28947
              Julie C. Wiediger, WSBA #38006
          Attorneys for Defendant
              (206) 217-2200
              (206) 260-2893 Fax
              Jeff@AXIOSlaw.com

PARTIES' JOINT STATUS REPORT AND DISCOVERY PLAN - C07-5244 RBL

44984-001 \ 278792.doc

-4-

STOKES LAWRENCE, P.S.
800 FIFTH AVENUE, SUITE 4000
SEATTLE, WASHINGTON 98104-3179
(206) 626-6000

## CERTIFICATE OF SERVICE

I hereby certify that on August 13, 2007, I caused the foregoing *PARTIES' JOINT STATUS REPORT AND DISCOVERY PLAN* to be:

☒ electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Jefferson H. Coulter, II
Axios Law Group
1725 Westlake Ave. N, Suite 101
Seattle, WA 98109
jeff@axioslaw.com

☐ mailed by first class United States mail, postage prepaid, to the following non-CM/ECF participants:

☐ hand delivered to the following non-CM/ECF participants:

☐ e-mailed and mailed by first class United States mail, postage prepaid, to the following non-CM/ECF participants:

☐ faxed and mailed by first class United States mail, postage prepaid, to the following non-CM/ECF participants:

/s/ Bradford J. Axel
Bradford J. Axel (WSBA #29269)
Karolyn A. Hicks (WSBA #30418)
Attorney for Plaintiff
Stokes Lawrence, P.S.
800 Fifth Avenue, Suite 4000
Seattle, WA 98104
(206) 626-6000
Fax: (206) 464-1496
Brad.Axel@stokeslaw.com

PARTIES' JOINT STATUS REPORT AND DISCOVERY PLAN - C07-5244 RBL

44984-001 \ 278792.doc

-5-

STOKES LAWRENCE, P.S.
800 FIFTH AVENUE, SUITE 4000
SEATTLE, WASHINGTON 98104-3179
(206) 626-6000